UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

CINTIA GOMEZ, on behalf of herself
and others similarly situated,

    Plaintiffs,

v.

ORIENTAL LOGISTICS MIAMI, INC., a Florida Corporation,
SAM WONG, individually, and ANLY LIU, individually,

    Defendants.
_____/

## **COMPLAINT**

    1.    Plaintiff, CINTIA GOMEZ (referred to as "GOMEZ" and "Plaintiff"), is an individual who at all times material to this action resided in Miami-Dade County, Florida.

    2.    At all times material to this Complaint, Defendants, ORIENTAL LOGISTICS MIAMI, INC., a Florida Corporation, SAM WONG, individually, and ANLY LIU (collectively referred to as "Defendants"), have owned and operated an international logistics freight forwarding business with its corporate office located at 3037 NW 82nd Avenue, Doral, Florida 33122, in Miami-Dade County, Florida, within the jurisdiction of the Court.

    3.    Defendants, SAM WONG and ANLY LIU, at all times material to this Complaint have owned and managed ORIENTAL LOGISTICS MIAMI, INC., and Defendants WONG and LIU have regularly exercised the authority to hire and fire employees including GOMEZ, determined the manner in which GOMEZ and other employees were compensated, determined how GOMEZ and other employees' hours worked were tracked or recorded, set the rates of pay of GOMEZ and other employees, and/or controlled the finances and day-to-day management

operations of ORIENTAL LOGISTICS MIAMI, INC. By virtue of such control and authority, Defendants WONG and LIU are employers of GOMEZ and the other employees of ORIENTAL LOGISTICS MIAMI, INC. similarly situated to GOMEZ as defined by the FLSA, 29 U.S.C. §203(d).

4. GOMEZ brings this action on behalf of herself and other current and former employees of Defendants similarly situated to her, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, Defendant, ORIENTAL LOGISTICS MIAMI, INC., has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff allege based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2020, 2021, 2022, and 2023, Defendant, ORIENTAL LOGISTICS MIAMI, INC., has employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked with computers and office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—all of which were goods and/or materials moved in or produced for commerce; and (b) processed electronic and/or other payments by and for Defendants' customers through banks or other

financial institutions across State lines inside and outside of Florida.

8. Based upon information and belief, the annual gross sales volume of Defendant, ORIENTAL LOGISTICS MIAMI, INC., was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, Defendant, ORIENTAL LOGISTICS MIAMI, INC., has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately late May 2020 and mid-January 2023, Plaintiff GOMEZ's primary duties in the position of Logistics Coordinator for Defendants consisted of non-exempt clerical work and ministerial tasks—under the immediate supervision of Defendants LIU—as follows:

> (a) communicating with (i) Defendants' customers about inquiries for shipping quotes; and (ii) the final mile trucking companies, rail ramps, steamship lines, airlines and container terminals across the world;
>
> (b) data entry in freight operations software and following up on shipment statuses;
>
> (c) handling day-to-day communications with the overseas offices;
>
> (d) updating Defendants' customers about ongoing shipments for milestones;
>
> (e) monitoring costs and timelines;
>
> (f) preparing weekly status reports and bill/invoices;

   (g) processing customs entries-customs clearance; and

   (h) coordinating transport chain issues and the pickup and delivery of shipments.

 11. Throughout GOMEZ's employment with Defendants during the three (3) year statute of limitations period between approximately late May 2020 and mid-January 2023, Plaintiff regularly worked in excess of Forty (40) hours per week, but Defendants failed to pay GOMEZ time and one-half of her applicable regular rates of pay for all of Plaintiff's actual overtime hours worked each week and instead paid GOMEZ a salary for Forty (40) hours per week without compensation for her hours worked in excess of 40 hours per week.

 12. Likewise, the other employees of Defendants who are similarly situated to GOMEZ regularly worked as salaried employees, however variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendants within the three (3) year statute of limitations period between May 2020 and the present.

 13. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by the other similarly situated employees to GOMEZ, however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period between May 2020 and the present, with Defendants instead paying salaried wages for Forty (40) hours per week without time and one-half compensation for the overtime hours worked during one or more work weeks between May 2020 and the present for the benefit of Defendants.

 14. During the three (3) year statute of limitations period between approximately May 2020 and the present, Defendants misclassified GOMEZ, Logistic Coordinators, and other similarly situated employees, however variously titled, as "exempt" from the overtime

compensation requirements of the FLSA despite their primary job duties being non-exempt in nature.

15. The additional persons who may become Plaintiffs in this action are Defendants' Logistic Coordinators and other salaried employees, however variously titled, who worked for Defendants in one or more weeks between May 2020 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants at any locations.

16. The primary job duties performed by GOMEZ and the other similarly situated employees, however variously titled, for Defendants between approximately May 2020 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

17. Likewise, the primary duties and work performed by GOMEZ and the other similarly situated employees, however variously titled, for Defendants between approximately May 2020 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administration or production operations.

18. Instead, GOMEZ and the other similarly situated employees of Defendants, however variously titled, have devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between approximately May 2020 and the present to performing clerical office and other ministerial tasks for Defendants' international freight forwarding business.

19. Finally, the primary duties of GOMEZ and the other similarly situated employees, however variously titled, for Defendants during the three (3) year statute of limitations period between approximately May 2020 and the present *was not* management of any department(s) or job sites of Defendants, and Plaintiff and the other similarly situated employees, however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants.

20. During the three (3) year statute of limitations period between approximately late May 2020 and mid-January 2023, GOMEZ regularly worked Five (5) days per week Monday through Friday with start times of approximately 8:30 a.m. and stop times between approximately 6:30-7:00 p.m., regularly averaging approximately Fifty (50) hours per week.

21. Subject to discovery, based upon Defendants paying GOMEZ average gross weekly wages of approximately $916.67 per week for Forty (40) hours of work per week and Plaintiff being owed an average of approximately Ten (10) uncompensated overtime hours per week from Defendants during a total of approximately One Hundred and Twenty-Five (125) work weeks between approximately late May 2020 and mid-January 2023, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $34.37/hour [$916.67/40 hours = $22.92/hour x 1.5 = $34.37/hour], Plaintiff's unpaid overtime wages total **$42,968.67** [$34.37/hour x 10 Unpaid OT hours/week x 125 weeks = $42,968.67], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of GOMEZ's unpaid overtime wages on a half-time basis at the rate of $9.17/hour [$916.67/50 hours = $18.34/2 = $9.17/hour], Plaintiff's unpaid overtime wages total **$11,458.31** [$9.17/hour x 10 Unpaid OT hours/week x 125 weeks = $11,458.31].

22. Based upon information and belief, Defendants have failed to maintain accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by GOMEZ and other similarly situated salaried employees, however variously titled, during each week between approximately May 2020 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

23. At all times material to this Complaint, Defendants had knowledge of the hours worked by GOMEZ and other similarly situated employees, however variously titled, in excess of Forty (40) hours per week during the three (3) year statute of limitations period between approximately May 2020 and the present, but Defendants nonetheless willfully failed to compensate Plaintiff and the others similarly situated to her at time and one-half their applicable regular rates of pay for all of their overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff and the other employees without paying all of the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

24. The complete records reflecting the compensation paid by Defendants to GOMEZ and all other similarly situated employees, however variously titled, at during the three (3) year statute of limitations period between approximately May 2020 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff, CINTIA GOMEZ, readopts and realleges the allegations contained in Paragraphs 1 through 23 above.

26. GOMEZ is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for Defendants as non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately

late May 2020 and mid-January 2023.

27. All similarly situated employees of Defendants, however variously titled, are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between May 2020 and the present.

28. Defendants knowingly and willfully failed to pay GOMEZ and the other employees, however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week in numerous work weeks within the three (3) year statute of limitations period between May 2020 and the present.

29. At all times material to this Complaint, Defendants constructive and actual notice that Defendants' compensation practices did not provide GOMEZ and other salaried employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked during the three (3) year statute of limitations period between May 2020 and the present based upon, *inter alia*, Defendants: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by GOMEZ and the other similarly situated employees; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by GOMEZ and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants..

30. By reason of the said intentional, willful, and unlawful acts of Defendants, all Plaintiff (the named Plaintiff and those similarly situated to her) have suffered damages plus

incurring costs and reasonable attorneys' fees.

31. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by GOMEZ and the other similarly situated employees, however variously titled, between May 2020 and the present, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

32. GOMEZ has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

33. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CINTIA GOMEZ, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, ORIENTAL LOGISTICS MIAMI, INC., SAM WONG, and ANLY LIU, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demand trial by jury on all issues so triable.

Dated:  May 25, 2023                              Respectfully submitted,

                                                  By:   **KEITH M. STERN**
                                                        Keith M. Stern, Esquire
                                                        Florida Bar No. 321000
                                                        E-mail:  employlaw@keithstern.com
                                                        LAW OFFICE OF KEITH M. STERN, P.A.

        80 S.W. 8th Street, Suite 2000  
        Miami, Florida 33130  
        Telephone:  (305) 901-1379  
        Fax:  (561) 288-9031  
        Attorneys for Plaintiff