UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case Number: 23-21953-CIV-REID**

CONSENT CASE

CINTIA GOMEZ, on behalf of herself
and others similarly situated,

    Plaintiffs,

v.

ORIENTAL LOGISTICS MIAMI, INC., a Florida Corporation,
SAM WONG, individually, and ANLY LIU, individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
## AND DISMISSAL WITH PREJUDICE

Plaintiff, CINTIA GOMEZ, and Defendants, ORIENTAL LOGISTICS MIAMI, INC., SAM WONG, and ANLY LIU, by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice, and state the following in support thereof:

1.    On May 26, 2023, Plaintiff filed her Complaint in this case against ORIENTAL LOGISTICS MIAMI, INC. and individual Defendants, ANLY LIU and SAM WONG, for alleged unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act, 29 U.S.C. §207 *et seq.* (FLSA), arising from work Plaintiff performed as a Logistics Coordinator in Defendants' international logistics freight forwarding business.

2.    On June 2, 2023, Plaintiff filed her Statement of Claim, D.E. #5, alleging–subject to discovery—that Plaintiff regularly worked Five (5) days per week averaging approximately Fifty (50) hours per week during a total of approximately One Hundred and Twenty-Five (125)

work weeks within the three (3) year statute of limitations between approximately late May 2020 and mid-January 2023, such that based upon Defendants paying Plaintiff average gross weekly wages of approximately $916.67 per week, if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governed the calculation of Plaintiff's unpaid overtime on a half-time basis at the rate of $9.17/hour [$916.67/50 hours = $18.34/2 = $9.17/hour], Plaintiff's unpaid overtime wages would total $11,458.31 [$9.17/hour x 10 Unpaid OT hours/week x 125 weeks = $11,458.31].

   3. On June 22, 2023, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint. D.E. #9.

   4. On July 4, 2023, Defendants served their Response to Plaintiff's Statement of Claim. D.E. #12.

   5. On October 2, 2023, the parties appeared before the Honorable United States Magistrate Judge Lisette Reid on Monday, October 2, 2023 and participated in a Settlement Conference for three and one-half (3.5) hours. D.E. #22.

   6. On October 13, 2023, Plaintiff served her First Set of Interrogatories, First Request for Production of Documents, and First & Second Requests for Admissions on Defendants.

   7. On November 22, 2023, Defendants served their Responses to Plaintiff's First Request for Admissions.

   8. On November 24, 2023, Defendants served their Responses to Plaintiff's First Request for Production of Documents and Defendants produced compensation and other employment records from Plaintiff's employment.

9. On November 29, 2023, Defendants served their Answers and Objections to Plaintiff's First Set of Interrogatories.

10. On December 12, 2023, Plaintiff's Counsel and Defendants' Counsel appeared for the depositions set by Plaintiff of the Corporate Representative of ORIENTAL LOGISTICS MIAMI, INC. with knowledge of, *inter alia*: (a) the daily and weekly hours worked by, as well as the titles, responsibilities and job duties of, the Plaintiff and other "Logistic Coordinators" who worked for Defendants at any location between May 2020 and the present; (b) the manner in which Defendants compensated Plaintiff, and other "Logistic Coordinators" who worked for Defendants at any location between May 2020 and the present; (c) the time-keeping procedures, if any, that Defendants utilized between May 2020 and the present for recording the daily start times, stop times, and hours worked by Plaintiff and other "Logistic Coordinators" who worked for Defendants at any location between May 2020 and the present; and (d) the factual bases supporting any defenses, including Affirmative Defenses, to Plaintiff's Complaint, including but not necessarily limited to as set forth in Defendant's Answer—such as Defendants' Administrative Exemption defense.

11. At the outset of the Corporate Representative Deposition on December 12, 2023, the parties previous good-faith settlement discussions resulted in a compromise being reached to resolve all of Plaintiff's claims in this case.

12. At all times throughout the instant litigation, Defendants have denied and continued to deny that Plaintiff was owed any overtime, minimum, or other wages or relief. More specifically, Defendants have maintained as a factual matter than Plaintiff did not work in excess of Forty (40) hours per week let alone an average of Fifty (50) hours per week for years. Similarly, Defendants have maintained and continued to believe that Plaintiff was an "exempt"

employee under the FLSA's Administrative Exemption because Plaintiff exercised discretion and independent judgment in carrying out her primary job duties as a "Logistics Coordinator" without close supervision. Moreover, there are disputed issues of fact and law as to, *inter alia*: (a) whether Plaintiff could prove any liability whatsoever; (b) whether Plaintiff could establish a willful violation to trigger the FLSA's three (3) year (versus two (2) year) statute of limitations, and thus whether the 3rd year between late May 2020 and May 2021 claimed by Plaintiff was even at issue in this case; (c) the method of calculating any arguable minimum or overtime wages pursuant to either the FLSA's fluctuating work week method or time and one-half calculations; (d) the number of hours Plaintiff in fact worked each work week; and (e) whether Defendants could establish a good faith basis to avoid the imposition of liquidated damages.

13. To avoid the costs and uncertainty of continued litigation, including but not limited to the depositions which began on December 12, 2023 and would have further entailed not only Plaintiff herself being deposed by Defendants' Counsel but also other employees as well as customers of ORIENTAL LOGISTICS MIAMI, INC. followed by summary judgment briefing and a potential trial scheduled for August 2024 pursuant to the July 24, 2023 Scheduling Order issued by the Honorable United States District Court Judge Kathleen M. Williams, D.E. #17, the compromise resolution agreed upon in this case as set forth in the parties' Confidential Settlement Agreement—which Plaintiff signed on January 12, 2024 and was also signed on January 19, 2024 by ANLY LIU individually and on behalf of ORIENTAL LOGISTICS MIAMI, INC.[1]—being submitted to the Court via e-mail to chambers for *in camera* review

---

[1] SAM WONG, the other individual Defendant, has been unavailable to sign the Agreement while in China outside in the United States but the settlement herein is fully authorized by Defendants.

contemporaneous with the filing of the instant Motion for review and approval resolve all claims in dispute and enables both sides in this case to obtain closure in this matter.

14. Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for overtime wages arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, because the parties' Confidential Settlement Agreement sets forth the consideration to be paid by Defendants to Plaintiff to resolve her underlying overtime claims, and the parties respectfully submit that their settlement is a fair and reasonable resolution of a bona fide dispute, the Court should approve the settlement under *Lynn's Food*.

15. Similarly, in addition to the consideration to be paid by Defendants to Plaintiff to resolve her underlying claims for alleged minimum wages, overtime wages, and liquidated damages set forth in the parties' Confidential Settlement Agreement, Defendants have also agreed to settle Plaintiff's claims for attorneys' fees and costs as set forth in the parties' Agreement, which amounts were negotiated separately from and without regard to the consideration being paid to settle Plaintiff's underlying claims. To this end, while Plaintiff's attorneys' fee time in this case totaled $14,630.00 from 30.80 hours of Plaintiff's Counsel, Keith M. Stern, Esquire, at the rate of $475.00/hour [30.80 hours x $475/hour = $14,630.00], along with costs of $1,450.00 from, *inter alia*, the filing fee, service of process, legal research, and court reporter fees, the compromise reached between the parties resolves Plaintiff's claims for attorneys' fees and costs entirely and ensures that Plaintiff has no out-of-pocket expense.

16. Finally, the parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of their Confidential Settlement Agreement, with the Court retaining jurisdiction to enforce the parties' settlement.

WHEREFORE, Plaintiff, CINTIA GOMEZ, and Defendants, ORIENTAL LOGISTICS MIAMI, INC., SAM WONG, and ANLY LIU, respectfully request that this Court approve the parties' Confidential Settlement Agreement, dismiss with prejudice Plaintiff's Amended Complaint, and retain jurisdiction in this case to enforce the parties' Agreement.

Respectfully submitted this 26th day of January 2024.

| | |
|---|---|
| By: **Keith M. Stern** | By: **Lowell J. Kuvin** |
| Keith M. Stern, Esquire | Lowell J. Kuvin, Esquire |
| Florida Bar No. 321000 | Fla. Bar No.: 53072 |
| E-mail: employlaw@keithstern.com | E-mail: lowell@kuvin.law |
| LAW OFFICE OF KEITH M. STERN, P.A. | Law Office of Lowell J. Kuvin |
| 80 S.W. 8th Street, Suite 2000 | 17 East Flagler St. Suite 223 |
| Miami, Florida 33130 | Miami, Florida 33131 |
| Telephone: (305) 901-1379 | Tele: 305.358.6800 |
| Attorneys for Plaintiff | Attorneys for Defendants |